NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2012
_____

JONATHAN KNIGHT,

Appellant,

v.

DAVID DRYE, In His Individual and His Official Capacity As Chalfont Borough
Manager; MARILYN BECKER, In Her Individual and In Her Official Capacity as Mayor
Of Chalfont Borough; GARY LUCAS, In His Official Capacity As President Chalfont
Borough Council; CHALFONT BOROUGH COUNCIL, In Their Official Capacities As
Members of Chalfont Borough Council; CHALFONT BOROUGH; CHIEF POLICE
FRANK CAMPBELL, In His Official Capacity As Chief Of Chalfont Borough Police
Department; POLICE BENEVOLENT ASSOCIATION, Chalfont Borough Lodge;
CHALFONT BOROUGH POLICE DEPARTMENT, Chalfont Borough; FRATERNAL
ORDER OF POL LODGE #53

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 07-cv-03097)
District Judge: Honorable Eduardo C. Robreno

_____

Submitted Under Third Circuit LAR 34.1(a)
January 26, 2010

Before: FUENTES, FISHER, *Circuit Judges*; and KANE,* *Chief District Judge.*

_____

* Honorable Yvette Kane, Chief Judge of the United States District Court for the
Middle District of Pennsylvania, sitting by designation.

(Filed: April 14, 2010)

_____

OPINION OF THE COURT

_____

KANE, *Chief District Judge*.

Jonathan Knight appeals from an order of the District Court granting summary judgment to the Appellees.  See Knight v. Drye, No. 07-3097 (E.D. Pa. Mar. 13, 2009).  Knight's amended complaint asserted thirteen causes of action based on his termination from his position as a police officer because he allegedly disclosed confidential information concerning an undercover narcotics investigation.  On appeal, Knight challenges only the dismissal of his claim based on 42 U.S.C. § 1983 for First Amendment retaliation.  We will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case.  Therefore, we will set forth only those facts necessary to our analysis.

On February 12, 1999, Knight began his employment as a police officer for Chalfont Borough.  After joining the police force, Knight developed a casual friendship with Whitney Watson, IV, the manager of a local car wash.  In 2005, Watson was under investigation by the Bensalem Township Police Department for his participation in drug dealing.  In January 2005, Watson contacted Knight.  Knight alleges that Watson

"complained about harassment by fellow Officer Clifford Horn." (Appellant's Br. at 6.) Knight maintains that after being contacted by Watson, he promptly took the complaint to Officer Robert Milligan and to Police Chief Frank Campbell. (Id.) At that time, Milligan and Campbell informed Knight that Watson was under investigation.

On September 23, 2005, after being tipped by an undercover informant that Knight had given information about the investigation to Watson, the Chalfont Borough Council placed Knight on a temporary paid leave of absence. On September 27, 2005, Knight was arrested and charged with obstructing the administration of law or governmental function and hindering prosecution. That same day, he was suspended by the Chalfont Borough Council without pay. On October 11, 2005, Knight was terminated from his position as a police officer.

In June 2005, in the period between Knight's contact with Watson and his termination, Knight was involved as a witness of an incident at a local pub. According to Knight, while he was off duty, he witnessed David Drye, Chalfont Borough manager, steal beer from behind the bar and distribute it to other customers. An argument arose between Drye and the pub owner. Knight attempted to break up the fight that ensued. However, he was not involved in the later official investigation of the altercation.

II.

The District Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1331. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We review a District Court's

3

order granting summary judgment de novo, applying the same standard as the District Court. Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

III.

The District Court entered summary judgment for Appellees. On appeal, Knight claims that there were genuine issues of material fact regarding his First Amendment retaliation claim that should have precluded summary judgment. Knight contends that he was fired for engaging in two specific instances of protected conduct. First, Knight cites his report to Police Chief Campbell and Officer Milligan alleging misconduct by Officer Horn. Second, Knight cites the potentially criminal conduct by Drye that Knight witnessed when he was off-duty.[1]

"To state a First Amendment retaliation claim, a public employee plaintiff must allege that his activity is protected by the First Amendment, and that the protected activity was a substantial factor in the alleged retaliatory action." Gorum v. Sessoms, 561 F.3d 179, 184 (3d Cir. 2009) (citing Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir.

---

[1] In his appeal, Knight also raises a claim that he was terminated for testifying before a grand jury, which was empaneled to investigate his own criminal conduct. This claim was not raised before the District Court and, as a result, is waived on appeal. See Bagot v. Ashcroft, 398 F.3d 252, 256 (3d Cir. 2005); Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1298 (3d Cir. 1991).

2006)). "'The first factor is a question of law; the second factor is a question of fact.'"

Id. (quoting Hill, 455 F.3d at 241).

> A public employee's statement is protected activity when (1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have 'an adequate justification for treating the employee differently from any other member of the general public' as a result of the statement he made.

Hill, 455 F.3d at 241-42 (quoting Garcetti v. Ceballos, 547 U.S. 410, 418 (2006)).

We find that the District Court was correct in dismissing both of Knight's First Amendment claims as insufficient to withstand summary judgment. First, Knight's complaint up the chain of command to Officer Milligan and Police Chief Campbell is not speech protected by the First Amendment. "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Garcetti, 547 U.S. at 421. Although Knight argues that his report should be protected by the Third Circuit's recent pronouncement in Reilly v. City of Atlantic City, 532 F.3d 216 (3d Cir. 2008), his reliance on that case is misplaced. In Reilly, we found that the truthful testimony by a police officer in court constituted "citizen speech" and was therefore precluded from the "official duties" doctrine set forth in Garcetti. Reilly, 532 F.3d at 231. However, Knight's out-of-court statements to his superiors do not fall into this category. Therefore, the District Court was correct in

5

finding that Knight failed to establish a First Amendment violation based on his reporting of any misconduct by Officer Horn.

Second, Knight argues that his observation of the conduct of Manager David Drye was a motivation for his firing, and that his retaliation claim should therefore have been allowed to proceed. Again, the District Court properly found that Knight failed to point to record evidence that he ever reported Drye's conduct. Absent such a report, the District Court was correct in finding that Knight could not support a First Amendment retaliation claim.

We agree with the District Court's conclusion that no genuine issue of fact remained. Appellees were therefore entitled to summary judgment on the First Amendment retaliation claim.

Additionally, Knight argues that the District Court erred by citing grounds for his firing that were not relied upon by Appellees and by failing to draw factual inferences in his favor. Essentially, Knight argues that "a jury would be left with questions about the real reasons Appellee offered for firing" him. (Appellant's Br. at 28.) However, Knight misses the point. Whatever the motivations were for his firing, he has failed to establish that they were the result of the exercise of his First Amendment rights. Therefore, his First Amendment retaliation claim was properly dismissed.

### IV.

For the foregoing reasons, we will affirm the order of the District Court.